IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
) No. 3:23-CR-91-KAC-JEM
DEJUAN L. BANKS and )
BRIAN J. LIPFORD, )
)
Defendants. )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brian Lipford's Motion to Continue Trial and All Associated Deadlines [Doc. 34] and Defendant Dejuan Banks's Unopposed Motion to Continue Trial and All Other Deadlines [Doc. 35]. Both were filed on February 5, 2024.

Defendant Lipford requests the Court continue the trial date and all associated deadlines [Doc. 34]. In support of his motion, Defendant Lipford asserts that defense counsel and counsel for the Government "anticipate reaching an agreed resolution of Mr. Lipford's case thereby avoiding the necessity of trial" [*Id.* at 1]. Defendant's motion states that he "understands that any continuance of time is excludable for purposes of the Speedy Trial Act" [*Id.*]. Finally, Defendant Lipford represents that counsel for the Government and codefendant Banks do not oppose the requested continuance [*Id.* at 1–2].

Defendant Banks requests that the Court continue the trial date and all associated deadlines by approximately ninety days [Doc. 35]. In support of his motion, Defendant Banks states that defense counsel "recently had to unexpectedly travel out of district to attend to a personal matter"

[*Id.* at 1]. Defense counsel "has not yet been able to complete the investigation into the facts and circumstances of this matter and cannot yet fully advise the Defendant of the best possible resolution for his case" [*Id.*]. Further, Defendant Banks states in his motion that he "understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes" [*Id.* at 2]. Finally, Defendant represents that counsel for the Government has no objection to the requested continuance [*Id.*].

The Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, considering the information presented in the motions, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants Banks and Lipford the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants Banks and Lipford need additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. All of this cannot be done by the March 5, 2024 trial date.

The Court therefore **GRANTS** Defendant Brian Lipford's Motion to Continue Trial and All Associated Deadlines [**Doc. 34**] and **GRANTS** Defendant Dejuan Banks's Unopposed Motion to Continue Trial and All Other Deadlines [**Doc. 35**]. The trial of this case is reset to **June 18, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on February 5, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Brian Lipford's Motion to Continue Trial and All Associated Deadlines [**Doc. 34**] is **GRANTED;**

(2) Defendant Dejuan Banks's Unopposed Motion to Continue Trial and All Other Deadlines [**Doc. 35**] is **GRANTED**;

(3) the trial of this matter is reset to commence on **June 18, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) all time between the filing of the motion on **February 5, 2024**, and the new trial date of **June 18, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 17, 2024**;

(6) the deadline for filing motions *in limine* is **June 3, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2024, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 7, 2024.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3